IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PACKRITE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV1019 |
| | ) | |
| GRAPHIC PACKAGING | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff, Packrite, LLC ("Packrite"), initiated this action in Guilford County Superior Court, alleging five claims against Defendant, Graphic Packaging International, Inc. ("Graphic"). (ECF No. 2.) Defendant removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1.) Before the Court are Plaintiff's Motion to Remand, (ECF No. 14), and Defendant's Partial Motion to Dismiss pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, (ECF No. 8). For the reasons that follow, the Court denies Plaintiff's motion to remand and grants Defendant's partial motion to dismiss.

**I. BACKGROUND**

Packrite, a North Carolina company, "is a specialized trade finisher for the corrugated and folding carton packaging industries." (ECF No. 2 ¶¶ 1, 4.) Graphic is a Delaware company that manufactures "folding cartons and cardboard boxes used for packaging a variety

of food, beverage, and other consumer goods." (ECF No. 9 at 2; ECF No. 2 ¶¶ 2, 5.) Graphic's principal place of business is in Atlanta, Georgia. (ECF No. 2 ¶ 2.)

Beginning in or around 2012, Graphic engaged Packrite's services as an outsource vendor, on an as-needed basis, to assist with fulfilling customer orders and meeting Graphic's manufacturing needs. (*Id.* ¶¶ 6, 12.) In or around August 2016, Graphic requested Packrite's temporary assistance "in producing the packaging for Clorox Kitty Litter," (the "Clorox Project"). (*Id.* ¶ 15.) The Clorox Project "was part of a very large contract obtained by [Graphic]" however, Graphic "did not have the resources, equipment or capacity to undertake the [Clorox Project] itself." (*Id.* ¶¶ 16, 17.) According to the Complaint, "Packrite was initially unwilling to assist" Graphic with the Clorox Project because Packrite also lacked the necessary resources to assist on such a large project and, further, such assistance would limit Packrite's ability to pursue or obtain other business opportunities. (*Id.* ¶¶ 21, 22, 24.)

The Complaint alleges that representatives from Graphic told Packrite that, should Packrite agree to assist Graphic with the Clorox Project, Graphic would then agree to enter into a three year contract "under which Packrite would be the sole producer of [Graphic's] requirements of [b]eer [c]artons" (the "Beer Carton Project"). (*Id.* ¶ 26.) Graphic's representatives told Packrite that the Beer Carton Project would result in annual gross revenues of approximately $10,000,000 to Packrite. (*Id.* ¶ 30.) Based on these representations, Packrite agreed to assist Graphic with the Clorox Project and, in early September 2016, Packrite began its production preparations, followed by the start of actual production in November 2016. (*Id.* ¶¶ 31, 37, 40.)

In early 2017, Graphic provided Packrite with an initial draft of the Beer Carton Project contract, to which Packrite proposed revisions and returned to Graphic. (*Id.* ¶¶ 48–49; *see* ECF Nos. 2-1, 2-2.) "Packrite never received any response from [Graphic regarding] its proposed changes to the written Beer Carton [c]ontract, although discussions relating to the same continued through approximately May, 2017." (ECF No. 2 ¶ 50.) Ultimately, the parties never executed a contract for the Beer Carton Project. (*Id.* ¶ 64.)

On October 11, 2017, Packrite filed suit against Graphic in Guilford County Superior Court, alleging the following five claims: (1) Breach of Contract (Claim I); (2) Quantum Meruit (Claim II); (3) Fraudulent Misrepresentation/Inducement (Claim III); (4) Negligent Misrepresentation/Detrimental Reliance (Claim IV); and (5) Unfair and Deceptive Trade Practices Act ("UDTPA") under N.C. Gen. Stat. § 75-1.1 (Claim V). (ECF No. 2 ¶¶ 68–96.) On November 8, 2017, Graphic removed the action to this Court on the basis of diversity of citizenship, (*see* ECF No. 1), and subsequently filed a partial motion to dismiss Claims III, IV, and V, (ECF No. 8). Three months later, on February 23, 2018, Packrite filed a Motion to Remand the case to state court, contending that the removal was procedurally defective on the grounds that Graphic failed to promptly file a copy of the notice of removal with the state court. (*See* ECF No. 14.) The Court will first consider Plaintiff's Motion to Remand.

## II. PLAINTIFF'S MOTION TO REMAND

Packrite, in its motion to remand, does not challenge that this Court has diversity jurisdiction over the claims set forth in the Complaint. (*See generally* ECF Nos. 14, 15.) Rather, Packrite contends that Graphic failed to satisfy the procedural requirements for removal. (*See* ECF No. 14.) Specifically, Packrite argues that this Court should remand the action because

3

Graphic failed to promptly notify the state court of removal of the action to federal court. (*Id.* 14 ¶ 3; ECF No. 15 at 1, 4.) In response, Graphic admits to its delay in notifying the state court, but contends that such delay was merely a procedural defect which, standing alone, does not warrant remand of the action to state court. (ECF No. 16 at 1, 6.) Graphic further argues that Packrite has waived any objections to removal because it failed to raise its objection within thirty days of receiving notice of removal, as required by statute. (*Id.* at 5.) The Court agrees with Graphic.

The procedure for removal is set forth in 28 U.S.C. § 1446 which provides that a defendant may remove any civil action by filing a notice of removal "in the district court of the United States for the district and division within which the action is pending." 28 U.S.C. § 1446(a). A removing party is also required to provide notice to opposing parties and to the clerk of the state court promptly after filing notice of removal with the district court. *Id.* § 1446(d). Such filing "shall effect the removal and the [s]tate court shall proceed no further unless and until the case is remanded." *Id.*

Following removal, a plaintiff may object by filing a motion to remand pursuant to 28 U.S.C. § 1447(c). A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). "Thus, § 1447(c) provides that a party who fails to note a non-jurisdictional objection within 30 days of the notice of removal waives the objection." *Wiley v. United Parcel Serv.*, 11 F. App'x 176, 178 (4th Cir. 2001). Here, Packrite received notice of removal when it was electronically filed with this Court on November 8, 2017. (*See* ECF No. 1 at 4.) Then, on February 23, 2018, 107 days after receiving notice of removal, Packrite filed its motion to

4

remand. (ECF No. 14.) Packrite has, therefore, waived its right to object to removal of this action, and its motion to remand is not properly before the Court.

However, even if this Court were to determine that Packrite had not waived its right to object to removal, remand on the basis that Graphic failed to comply with the notice requirements of 28 U.S.C. § 1446(d) would be improper. As previously stated, 28 U.S.C. § 1446(d) requires that *"[p]romptly* after the filing of" a Notice of Removal in federal court, the defendant must provide written notice to adverse parties and must "file a copy of the notice" with the state court. 28 U.S.C. § 1446(d) (emphasis added). The purpose of the statute's notice and filing requirement is to notify the state court of the removal so that it can terminate its proceedings, avoid duplicative work, and conserve judicial resources. *See White v. Hous. Auth. for Baltimore City*, No. GLR-16-1965, 2016 WL 5930834, at *1 (D. Md. Oct. 11, 2016) (citing *Delavigne v. Delavigne*, 530 F.2d 598, 601 n.5 (4th Cir. 1976)). Although the statute does not define the term "promptly," courts have held that a delay in filing a removal notice with the state court does not warrant remand where the statutory purpose is not undermined, and where such delay constitutes a mere technical or procedural defect. *See, e.g., Lang v. Mattison*, No. 6:13-038-DCR, 2013 WL 2103145, at *3 (E.D. Ky. May 14, 2013) (denying motion to remand where defendants' one-month delay in filing a notice of removal in state court was a technical defect later cured by defendants); *Bohanna v. Hartford Life & Accident Ins. Co.*, 848 F. Supp. 2d 1009, 1014 (W.D. Mo. 2012) (finding that the statutory requirement was satisfied despite a 67-day delay in filing a notice of removal in state court and that such delay did not warrant remand); *Parker v. Malone*, No. CIV.A. 7:03CV00742, 2004 WL 190430, at *2 (W.D.

Va. Jan. 15, 2004) (concluding that a 22-day delay in notifying state court did not thwart the statutory purpose).

Here, Graphic failed to file its notice of removal with the state court until three months after removing the case to this Court and notifying Packrite of the same. During the intervening period, the only action taken by the state court was its issuance of a Notice of Administrative Hearing, dated February 1, 2018, (ECF No. 16-1 at 5). In response to the Notice of Administrative Hearing, on February 13, 2018, Graphic filed a Notice of Removal with the state court. (*Id.* at 8–13.) The state court then took no further action in the case. *See Bohanna*, 848 F. Supp. 2d at 1014 (denying motion to remand based, in part, on the fact that, although there was a delay in defendant's filing of a notice of removal in state court, "no significant action was taken in state court during the 67-day time period such that either party [was] adversely affected by the delay"). Thus, Graphic's actions, while delayed, provided the state court with the notice necessary to stay its proceedings, thereby fulfilling the purpose of the statute. *See White*, 2016 WL 5930834, at *1. Further, the Court finds no discernible prejudice to Plaintiff given that prior to, and following, Graphic's filing of a notice of removal with the state court, neither party made any court appearances nor filed any documents in the state court action. In fact, both parties have been actively engaged in litigating the instant case before this Court. (*See* ECF Nos. 1, 2, 4–18.)

Based on the above, the Court concludes that Packrite's failure to seek remand of this action to state court within the thirty days required under 28 U.S.C. § 1447(c) constitutes a waiver of its right to object to removal. However, even assuming *arguendo* that this Court could consider Packrite's motion to remand, this Court is not persuaded by its arguments. Graphic's

6

delay was inadvertent, did not burden the state court, and was remedied without prejudice to Packrite. The Court, therefore, concludes that the requirements of 28 U.S.C. § 1446(d) were sufficiently fulfilled to effect removal and advance the purposes of the statute. Thus, remand based on Graphic's delayed filing of its notice of removal with the state court would be inappropriate. Accordingly, Packrite's motion to remand will be denied.

## III. DEFENDANT'S PARTIAL MOTION TO DISMISS

The Court will next consider Graphic's Partial Motion to Dismiss Claims III, IV, and V of the Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

### A. Legal Standards

#### 1. Rule 9(b)

Where a party alleges fraud, the complaint must satisfy the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783–84 (4th Cir. 1999). Under Rule 9(b), "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b*)*. The alleged "circumstances" which must be plead with particularity include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison*, 176 F.3d at 784 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed. 1990)).

The primary purposes of Rule 9(b) are: (1) to give a defendant sufficient notice of the claim(s) against him so that he may formulate a defense; (2) to forestall frivolous lawsuits; (3) to prevent fraud actions in which all facts are learned only through discovery; and (4) to protect a defendant's goodwill and reputation. *See id.* According to the Fourth Circuit, "[a] court

7

should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which [it] will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Id.* Failure to satisfy the heightened pleading requirements of Rule 9(b) subjects a fraud claim to dismissal under Rule 12(b)(6). *Id.* at 783 n.5.

### 2. **Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012) (internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, *see Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th

Cir. 2012); or second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). In considering a Rule 12(b)(6) motion to dismiss, the "court evaluates the complaint in its entirety, as well as documents attached [to] or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

B.  **DISCUSSION**

1.  **Fraudulent Misrepresentation/Inducement (Claim III)**

Graphic first argues that Packrite's fraudulent misrepresentation/inducement claim must be dismissed because Packrite has failed to plead this claim with the particularity required by Rule 9(b). (ECF No. 9 at 7–8.) According to Graphic, the Complaint fails to identify the person(s) who made the alleged misrepresentations, as well as when and where such misrepresentations were made. (*Id.* at 6–8.) Packrite argues, in response, that both [of its] fraud claims[1] are pled with sufficient particularity to give rise to a plausible claim for relief under Rule 9(b)." (ECF No. 11 at 7–14.)

To state a claim for fraudulent misrepresentation or fraudulent inducement under North Carolina law, a party must allege the following: (1) a false representation or concealment of a material fact, (2) that was reasonably calculated to deceive, (3) that was made with the intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party. *See Taylor v. Gore*, 588 S.E. 2d 51, 54 (N.C. Ct. App. 2003) (listing the elements of fraudulent

---

[1] Packrite contends that Claim III of the Complaint "alleges two separate, alternative claims for fraud against [Graphic]—one based on [Graphic's] affirmative misrepresentations (Fraudulent Misrepresentation), and the other based on [Graphic's] material omissions and concealment in breach of a duty to disclose (Fraudulent Inducement)." (ECF No. 11 at 7.)

9

misrepresentation); *TradeWinds Airlines, Inc. v. C-S Aviation Servs.*, 733 S.E.2d 162, 168 (N.C. Ct. App. 2012) (listing the elements of fraudulent inducement). Because Packrite alleges fraud, its claim must satisfy the heightened pleading requirements of Rule 9(b). *See Harrison*, 176 F.3d at 783–84.

Here, a review of the Complaint reveals that Packrite has sufficiently alleged the identity of the individuals who made the alleged misrepresentations. In its Complaint, Packrite specifically identified Tom Fester, Chris Berndt and/or Jeb Pfeifle as the persons who, "either individually or collectively," made alleged fraudulent misrepresentations to Packrite regarding Graphic's intention to enter into a three-year Beer Carton Project contract with Packrite. (ECF No. 2 ¶¶ 26, 30, 35). Further, the Complaint identifies Michael Drummond and Kevin Brown as the Packrite representatives to whom the alleged misrepresentations were made regarding the Beer Carton Project contract. (*Id.* ¶ 30.) Packrite has also sufficiently alleged the timing of the specific misrepresentations forming the basis for this claim by stating that they were made in or around August 2016, (*id.* ¶¶ 26, 35.) *See McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 559, 560 (4th Cir. 2013) (finding that plaintiff's allegation that fraud occurred during late summer or fall 2006 was enough to meet time requirement of Rule 9(b)). Additionally, Packrite has sufficiently alleged the contents of the false representations— namely, that Graphic "would . . . agree to enter into a three- (3) year contract with Packrite under which Packrite would be the sole producer of [Graphic's] requirements of [b]eer [c]artons." (*Id.* ¶ 26.) The Complaint also asserts that the results obtained from the alleged misrepresentation was Packrite's assistance with the Clorox Project. (*Id.* ¶¶ 28, 29, 31.)

10

Despite the specific allegations outlined above, however, the Court finds that Packrite has failed to comply with Rule 9(b)'s particularity requirements by failing to allege sufficient facts showing Packrite's "intent to deceive from the outset." *Krispy Kreme Doughnut Corp. v. Advantage Grp. Enters., Inc.*, No. 1:08cv0092, 2008 WL 5216227, at *4 (M.D.N.C. Dec. 11, 2008) (citing *Leftwich v. Gaines,* 521 S.E.2d 717, 723 (N.C. Ct. App. 1999)). Where, as here, "a plaintiff assert[s] a fraud claim based upon the defendant's alleged intent not to honor" a promise, "[i]n order to satisfy the requirements of Rule 9(b)," a plaintiff "must allege specific facts which demonstrate that at the time the agreement was made, the defendant intended not to perform the agreement." *In re Inter-Act Elecs., Inc.*, No. 02-11557C-7G, 03-2035, 2004 WL 1052961, at *3 (Bankr. M.D.N.C. Mar. 30, 2004); *see Bon Aqua Int'l, Inc. v. Second Earth, Inc.*, No. 1:10CV169, 2013 WL 357469, at *11 (M.D.N.C. Jan. 29, 2013) ("[I]n accordance with Rule 9(b), where a fraud claim stems from an alleged failure to fulfill an agreement, the complaint must contain specific factual matter to permit the plausible inference that the defendant did not intend to honor the agreement at the time it was made.") In such cases, "the intent to deceive from the outset provides the past or existing factual basis for a fraud claim." *Krispy Kreme Doughnut Corp.*, 2008 WL 5216227, at *4 (citing *Leftwich,* 521 S.E.2d at 723). To plausibly allege fraud under this theory, "the pleading party must offer external facts [alleging] that the speaker spoke falsely when stating his intent[;] [s]uch evidence most often includes the speaker's contemporaneous statements to others contradicting his manifested intent or objective facts showing that his intent could not have been truthful when made." *Id.* Packrite's Complaint is devoid of any such allegations.

11

The Complaint alleges that Graphic's initial intent was to enter a contract with Packrite, but that "at some point in either late 2016 or early 2017, . . . [Graphic] internally made the decision not to enter into the Beer Carton [c]ontract with Packrite, contrary to its initial representations to Packrite." (ECF No. 2 ¶ 62.) There are no factual allegations, however, of Graphic's fraudulent intent *at the time* its representatives told Packrite that Graphic would enter into a three-year contract for the Beer Carton Project. Packrite does allege that "[u]pon information and belief," Graphic's representations "regarding [its] intent to enter into the Beer Carton [c]ontract with Packrite were false when made," (*id.* ¶ 35), and that "[u]pon information and belief, [Graphic] never intended to enter into the Beer Carton [c]ontract with Packrite," (*id.* ¶ 66). Beyond these conclusory allegations, however, Packrite fails to allege any additional facts demonstrating that at the time the statements were made, Graphic had no intention of honoring its promise. *See Strum v. Exxon Co., USA*, 15 F.3d 327, 331 (4th Cir. 1994) ("Because [the plaintiff] has done nothing more than assert that [the defendant] never intended to honor its obligations under the . . . agreement, the district court's dismissal of the [fraud claim] was entirely appropriate."); *see also Meridian Invs., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 580 (4th Cir. 2017) (stating that "conclusory allegations . . . without more, cannot defeat [a] motion to dismiss").

Moreover, in its Complaint, Packrite specifically alleges that: (i) "all discussions and interactions between the parties from approximately August, 2016 until approximately May, 2017, were consistent with [Graphic's] previously-given assurances that the long term Beer Carton [c]ontract was in process and would ultimately be awarded to Packrite," (ECF No. 2 ¶ 39); and (ii) "*independent of [Graphic's] initial intent with respect to the Beer Carton [c]ontract*, at some

12

point in either late 2016 or early 2017, . . . [Graphic] internally made the decision not to enter into the Beer Carton [c]ontract with Packrite, (*id.* ¶ 62 (emphasis added)). These allegations, taken as true, "tend to disprove [Packrite's] conjecture of intent to deceive at the time" the alleged fraudulent misrepresentations were made. *Krispy Kreme*, 2008 WL 5216227, at *4 ("The mere fact that [Graphic] ultimately failed to execute a contract does not show that it had no intention of doing so from the start."). The Court, therefore, concludes that Packrite has failed to allege specific facts showing that Graphic's representations regarding its intention to enter into a three-year contract with Packrite were false when made; thus, the particularity requirement of Rule 9(b) has not been satisfied. As a result, the Court will grant Graphic's motion to dismiss this fraud claim.

### 2. **Negligent Misrepresentation/Detrimental Reliance (Claim V)**

Graphic next argues that Packrite's claim for negligent misrepresentation must likewise be dismissed because it fails to satisfy the heightened pleading requirements of Rule 9(b). (*See* ECF No. 9 at 10.) In response, Packrite principally argues that, under North Carolina law, Rule 9(b)'s heightened pleading requirement "does not, and should not, apply" to its negligent misrepresentation claim. (ECF No. 11 at 14–16.) Packrite further argues, in the alternative, that even if Rule 9(b) was applicable to this claim, the Complaint states a plausible claim for relief. (ECF No. 11 at 17–18.)

In support of its argument that Rule 9(b) does not apply to this claim, Packrite primarily relies on a Fourth Circuit decision, *Baltimore Cty. v. Cigna Healthcare*, 238 F. App'x 914 (4th Cir. 2007). (*See* ECF No. 11 at 14–16.) Such reliance is misplaced given that, in *Baltimore Cty.*, the Fourth Circuit analyzed the negligent misrepresentation claim at issue under Maryland law. In

that case, the Fourth Circuit found that, "[i]mportantly, a claim of negligent misrepresentation *under Maryland law* does not contain an essential showing of fraud and thus the heightened pleading requirements of Rule 9(b) do not apply." *Baltimore Cty.*, 238 F. App'x at 921 (emphasis added). By contrast, Packrite's negligent misrepresentation claim in the instant case is governed by North Carolina law,[2] under which negligent misrepresentation[3] "is primarily a fraud-based claim[,] . . . premised upon the making of a false assertion of a material fact." *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 202 n.14 (M.D.N.C. 1997) (citing *Vernon v. Steven L. Mabe Builders*, 430 S.E.2d 676, 679 (N.C. Ct. App. 1993), *rev'd in part on other grounds*, 444 S.E.2d 191 (N.C. 1994)). The Court concludes that because fraud is an element necessary for a showing of negligent representation under North Carolina law, this claim is subject to the heightened pleading requirements of Rule 9(b). *See Topshelf Mgmt., Inc. v. Campbell-Ewald Co.*, 117 F. Supp. 3d 722, 727–28 (M.D.N.C. 2015) ("Federal courts have repeatedly found that the North Carolina tort of negligent misrepresentation sounds in fraud and have applied Rule 9(b) to it.") (collecting cases).

Having concluded that Rule 9(b) is applicable to Packrite's negligent misrepresentation claim (which is based on the same factual allegations as its fraudulent misrepresentation/ inducement claim), the Court further concludes that, for the reasons discussed in

---

[2] *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013) ("A federal court sitting in diversity is required to apply the substantive law of the forum state.").

[3] Under North Carolina law, a claim for negligent misrepresentation exists where there is: (1) justifiable reliance; (2) to a party's detriment; (3) on information prepared without reasonable care; (4) by one who owed the relying party a duty of care. *Raritan River Steel Co. v. Cherry, Bekaert & Holland,* 367 S.E.2d 609, 612 (N.C. 1988). Further, in North Carolina, a claim for negligent misrepresentation arises "where pecuniary loss results from the supplying of false information to others for the purpose of guiding them in their business transactions." *Driver v. Burlington Aviation, Inc.,* 430 S.E.2d 476, 480 (N.C. Ct. App. 1993) (emphasis omitted).

14

Section III.B.1 above, Packrite has likewise failed to satisfy the heightened pleading requirement of Rule 9(b) with respect to this claim. Graphic's motion to dismiss Packrite's negligent misrepresentation claim will, therefore, be granted.

Graphic also argues, in a footnote, that while "Packrite's Fourth Claim for Relief is captioned 'Negligent Misrepresentation/Detrimental Reliance,' . . . detrimental reliance is an element of a fraud claim," and should be dismissed "[t]o the extent Packrite is making a claim for detrimental reliance." (ECF No. 9 at 10 n.4.) The Court agrees. As recently explained by the Western District Court of North Carolina: "[t]his Court has found no legal authority in North Carolina that would support the existence of an independent claim for detrimental reliance." *Galloway v. Up Dish Servs., LLC*, No. 1:17cv199, 2017 WL 4106245, at *2 (Aug. 30, 2017), *adopted by* 2017 WL 4102477 (W.D.N.C. Sep. 15, 2017). Nor has Packrite provided the Court with any such legal authority in response to Graphic's contention. Accordingly, the Court finds that, to the extent that Packrite is asserting a separate claim for detrimental reliance against Graphic, this claim will be dismissed.

### 3. Unfair and Deceptive Trade Practices (Claim V)

Graphic argues for dismissal of Packrite's UDTPA claim because "Packrite's UDTPA allegations are identical to its fraud allegations," and Packrite has "failed[ ] to plead its allegations with particularity." (ECF No. 9 at 11.) Plaintiff argues, in response, that a UDTPA claim "is not properly subject to Rule 9(b)." (ECF No. 11 at 18.) Plaintiff further argues that "[e]ven under the heightened standard of Rule 9(b), however, the Complaint states a valid claim for damages" against Graphic under the UDTPA. (*Id.*)

As an initial matter, a party asserting a UDTPA claim must allege: "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." *Walker v. Fleetwood Homes of N.C., Inc.*, 653 S.E.2d 393, 399 (N.C. 2007) (quoting *Gray v. N.C. Ins. Underwriting Ass'n*, 529 S.E.2d 676, 681 (N.C. 2000)). Where, as here, a party raises a UDPTA claim "alleging detrimental reliance on false or deceptive representations," Rule 9(b) applies. *Topshelf Mgmt.*, 117 F. Supp. 3d at 731. Under the section of the Complaint titled "Unfair and Deceptive Trade Practices," Packrite states:

> 94. The allegations contained in the preceding paragraphs of this Complaint [paragraphs 1–93] are incorporated herein by reference.
>
> 95. [Graphic's] wrongful and unlawful actions and conduct, *as described above*, constitute an unfair method of competition and an unfair or deceptive act or practice, in an affecting commerce, that has significantly injured, and will continue to injure, Packrite, thereby proximately causing, and continuing to proximately cause, damages to Packrite.

(ECF No. 2 ¶¶ 94, 95 (emphasis added).) Based on these allegations, the Court concludes that Packrite's UDTPA claim is "predicated on precisely the same alleged misrepresentations" as its fraud claim. *Topshelf Mgmt*, 117 F. Supp. 3d at 731. Accordingly, "[t]o treat the [fraud claim and the UDTPA claim] with two different pleading standards would permit [Packrite] to bring a disguised fraud claim without putting [Graphic] on notice of the 'particular circumstances' of its [UDTPA] claim and without having to show 'substantial prediscovery evidence' of these circumstances." *Id.* (quoting *Harrison*, 176 F.3d at 784.) For this reason, as well as those discussed with respect to Packrite's failure to plead its fraud claim in compliance with Rule 9(b), the Court likewise finds that Packrite has failed to plead its UDTPA claim with sufficient

particularity. The Court will, therefore, grant Graphic's motion to dismiss Packrite's UDTPA claim.

## IV. PLAINTIFF'S REQUEST TO FILE AMENDED COMPLAINT

Lastly, the Court notes that, in its Brief in Opposition to Defendant's Partial Motion to Dismiss, Packrite requests leave to file an amended Complaint "[s]hould this Court conclude that the allegations in the Complaint in support of Packrite's fraud claims lack some measure of particularity required by Rule 9(b)." (ECF No. 11 at 14 n.1.) However, the manner in which Packrite has sought leave to amend its Complaint violates Local Rules 7.3(a) and 15.1 which require that each motion be "set out in a separate pleading," and that "the moving party . . . attach the proposed amended pleading to the motion." L.R. 7.3(a), 15.1. Accordingly, to the extent Packrite seeks leave to amend its Complaint, it must do so consistent with this Court's Local Rules. *See Jackson v. Beard*, 828 F.2d 1077, 1078 (4th Cir. 1987) (explaining that a district court's local rules "have the force and effect of law, and are binding upon the parties and the court which promulgated them.").

For the reasons stated herein, the Court enters the following:

**[ORDER FOLLOWS ON NEXT PAGE]**

# ORDER

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand, (ECF No. 14), is DENIED.

IT IS FURTHER ORDERED that Defendant's Partial Motion to Dismiss the Complaint, (ECF No. 8), is GRANTED. Claim III—Fraudulent Misrepresentation/ Inducement, Claim IV—Negligent Misrepresentation/Detrimental Reliance, and Claim V— Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 are HEREBY DISMISSED WITHOUT PREJUDICE.[4]

This, the 29th day of August, 2018.

/s/ Loretta C. Biggs
United States District Judge

---

[4] *See N.C. Farmers' Assistance Fund, Inc. v. Monsanto Co.*, 740 F. Supp. 2d 694, 706 (M.D.N.C. 2010) (dismissing complaint "*without prejudice* on the independent ground that it fails under Rule 9(b)" (emphasis added)); *Elman v. JP Morgan Chase Bank, N.A.*, No. PJM 10-31, 2010 WL 2813351, at *4 (D. Md. July 13, 2010) (dismissing deceptive trade practices claim *without prejudice* for failure to allege with the particularity required under Rule 9(b)). *See also Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 456 (5th Cir. 2005) (holding that dismissal with prejudice as to the plaintiff's Complaint was improper where the basis for dismissal was failure to meet heightened pleading standard under Rule 9(b)).