IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PACKRITE, LLC, )
)
       Plaintiff, )
)
v. ) 1:17CV1019
)
GRAPHIC PACKAGING )
INTERNATIONAL, LLC, )
)
       Defendant. )

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on December 4, 2020, was served on the parties in this action. (ECF Nos. 116, 117.) Plaintiff filed objections to the Magistrate Judge's Recommendation. (*See* ECF No. 122.) The Court has appropriately reviewed the Magistrate Judge's Recommendation and has made a *de novo* determination in accord with the Magistrate Judge's Recommendation.[1] The Court therefore adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that, on or before January 20, 2021, Plaintiff and its counsel show cause in writing why the Court (1) should not "determine[] that [Federal] Rule [of Civil Procedure] 11(b) has been violated," Fed. R. Civ. P. 11(c)(1), and (2) should not "impose an appropriate sanction on [Plaintiff's] attorney, [his] law firm, [and/]or [Plaintiff],"

---

[1] The objections involve matters that might impact the decision about whether to impose sanctions or what level of sanctions to impose, but not that would warrant relieving counsel of the preliminary obligation to show cause why the Court should not impose sanctions.

1

id., because Plaintiff (through its counsel) filed the Memorandum in Support asserting that (A) Defendant "permanently erased <u>all</u> files stored in the email folders belong [sic] to [] Richkowski", (ECF No. 98 at 4 (emphasis added)), (B) "the email folders of . . . Richkowski have been <u>entirely</u> lost" (<u>id.</u> at 10 (emphasis added)), (C) "Defendant caused the <u>wholesale</u> deletion of the email folders of . . . Richkowski" (id. at 11 (emphasis added)), and (D) "<u>all</u> of the contents within the email folders of . . . Richkowski had been <u>entirely</u> . . . deleted" (id. at 12-13 (emphasis added)), when the record reflects Plaintiff (and its counsel) then possessed proof that conclusively contradicted those assertions (*see* ECF No. 108 at 5-6 (citing ECF No. 108-1, ¶ 60, and ECF No. 108-4, ¶ 16)).

IT IS FURTHER ORDERED that, on or before January 20, 2021, Plaintiff and its counsel show cause in writing why the Court (1) should not "determine[] that [Federal] Rule [of Civil Procedure] 11(b) has been violated," Fed. R. Civ. P. 11(c)(1), and (2) should not "impose an appropriate sanction on [Plaintiff's] attorney, [his] law firm, [and/]or [Plaintiff]," <u>id.</u>, because Plaintiff (through its counsel) filed the Memorandum in Support asserting (without citing any record support) that "[i]t is not unreasonable to suspect that the termination of [] Berndt's employment with Defendant may have been in some way related to the pertinent facts of the present case", (ECF No. 98 at 17), despite uncontested record evidence that Berndt previously "specifically told [Plaintiff's counsel] that [Berndt] resigned from [Defendant] on good terms and that [he] left [its] employment due to [a] family medical issue with [his] daughter", (ECF No. 108-2, ¶ 20).

This, the 6th day of January 2021.

/s/ Loretta C. Biggs
United States District Judge